# -IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-01704-SCT

*CHRISTOPHER LEE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/10/2001 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LESLIE D. ROUSSELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/14/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Christopher Lee was convicted of murder by a jury in the Circuit Court of Wayne County, Mississippi, and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.  Aggrieved by this conviction and sentence, Lee raises the following issues on appeal:

> I.     WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE STATE TO INTRODUCE INTO EVIDENCE PHOTOS OF THE VICTIM.

II. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REFUSING TO GRANT PROPOSED JURY INSTRUCTIONS "D-2," "D-3" AND "D-4" DEALING WITH MANSLAUGHTER.

III. WHETHER THE DISTRICT ATTORNEY MADE "CONSCIENCE OF THE COMMUNITY" ARGUMENTS AS WELL AS IMPLYING GUILT BY THE DEFENDANT'S FAILURE TO TESTIFY.

## FACTS

¶2. On August 1, 2000, at approximately 6:30 p.m., Christopher Lee was alone and driving his vehicle around Wayne County, Mississippi, drinking beer. While on this drive, Lee saw Anice Smith on the side of the road, and she attempted to "flag him down." Lee stopped his vehicle and allowed Smith to enter it. Smith asked Lee to take her into town, but, instead, the two rode around drinking beer together. After consuming alcohol, Smith asked Lee to drive her to her grandfather's house. Lee took Smith to her grandfather's house, and while there Smith began arguing with her grandfather. Shortly thereafter, Smith came outside with her sister and asked that Lee give her sister a ride around the block. Lee complied, the three got into his car, and they dropped Smith's sister off at a designated destination.

¶3. Afterwards, Lee and Smith continued to ride around and went to a store to purchase more beer. Then the two went to a place in Wayne County known as "Academy Hill" and parked the car. The two sat in the car talking, and the discussion turned to Lee's age. Smith said that she thought Lee was a minor, and he responded that he was twenty. Lee showed Smith his driver's license as proof of his age. About thirty minutes later, Lee asked Smith to return his license, but she claimed she did not have it. Lee continued to ask Smith where

2

his licence was, and Smith kept giving him different answers. Eventually, the two got out of the car and looked for Lee's license. Lee stated that he then, stuck his hand in Smith's pocket to look for the license and cut his hand on a knife that was in her pocket. Lee claimed that Smith kept avoiding his questions and hollering and that he became enraged and stabbed her repeatedly. Lee ultimately found his license in his wallet.

¶4. Smith died from her stab wounds, and Lee was tried for murder, convicted, and sentenced to serve a term of life imprisonment.

## DISCUSSION

### I. PHOTOGRAPHS OF THE VICTIM ADMITTED INTO EVIDENCE.

¶5. Lee argues that the trial court committed reversible error by allowing the State to introduce into evidence photos of the victim, which showed either the body of the victim as it was found or various wounds which the victim's body received. Lee contends that he admitted to the manner of the victim's death; therefore, the pictures had no probative value. Additionally, Lee argues the photographs were prejudicial and were calculated to stir the emotions of the jury and cause prejudice, thereby preventing him from receiving a fair trial.

¶6. The record reflects that immediately after the jury was impaneled, the court excused it and conducted a hearing on the admissibility of photographs of the victim's body, the crime scene, and Lee's car. During the hearing, the State presented several photographs to the court. Lee objected to the exhibits contending that they were not probative because he was not contesting the fact that the victim had died as the result of repeated slashing and stab wounds nor the fact that he had driven over the victim. Therefore, he contends, the photographs were of no probative value. After careful review of each exhibit, the trial court

3

determined that exhibits 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 17 contained evidentiary value and were admitted into evidence.

¶7.	Admissibility of photographs rests with the discretion of the trial court. *Jackson v. State*, 672 So.2d 468, 485 (Miss. 1996). Each of the photographs at issue depict different aspects of the crime scene, Lee's car, the victim's body as it was found at the scene, and the various wounds she sustained. Accordingly, they were "relevant to show the victims injuries and to help the jury visualize the crime and crime scene." *Underwood v. State*, 708 So.2d 18, 33-34 (Miss. 1998). The exhibits in question had at the very least "some probative value," which "is the only requirement needed to buttress a trial judge's decision to allow photographs into evidence." *Parker v. State*, 514 So.2d 767, 771 (Miss.1986). Furthermore, photographs with probative value may be admitted even when the cause of death is not disputed. *Williams v. State*, 684 So.2d 1179, 1199 (Miss.1996). For these reasons, we find no reversible error.

## II.	PROPOSED JURY INSTRUCTIONS "D-2," "D-3" AND "D-4."

¶8.	Lee argues that the court committed reversible error by refusing to grant the proposed jury instructions D-2, D-3, and D-4, all of which embodied the lesser offense of manslaughter. Lee contends the facts in this case do not rise to the level of murder but more accurately support a conviction for manslaughter. Lee asserts that his mental capacity at the time the act was committed was a substantial factor. Lee argues his mental capacity was relevant and that the trial court should have granted the proposed jury instructions D-2, D-3, and D-4.

4

¶9. Prior to considering these instructions, the trial court had granted Instruction S-3, set

out below:

> The Court instructs the Jury if the State has failed to prove all of the essential elements of the crime of murder, you may consider the lesser charge of manslaughter. However, it is your duty to accept the law given to you by the Court and, if the facts and law warrant a conviction for the crime of murder, then it is your duty to make such a finding uninfluenced by your power to find a lesser offense. This provision is not designed to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.
>
> If you find that the State has failed to prove any one or more of the essential elements of the crime of murder, you will proceed with your deliberations to decide whether the State has proven beyond a reasonable doubt all of the essential elements of the crime of manslaughter.
>
> Therefore, should you find from the evidence in this case, beyond a reasonable doubt that:
>
> 1. On or about the 1st day of August, 2000 in Wayne County, Mississippi;
>
> 2. The Defendant, Christopher M. Lee, did wilfully, unlawfully and purposely cause the death of Anice Smith, in the heat of passion, during an argument or within such time after an argument that passions had not had time to cool by stabbing, cutting and slashing her with a knife;
>
> then it is your sworn duty to find the Defendant guilty of manslaughter.
>
> Should the State fail to prove any one or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty of manslaughter.

¶10. Instruction D-2 is reprinted as follows:

> The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that Christopher Lee on August 1, 2000, in Wayne County, Mississippi willfully killed Anice Smith without malice or premeditation, by the use of a deadly weapon, and further that Christopher Lee was not acting in necessary self-defense, then you shall find the defendant guilty of manslaughter.

¶11. The State objected to this instruction "as being an inaccurate statement of the law and not fitting the facts of this case." The trial court agreed, finding that Instruction S-3, rather than D-2, fit "the factual evidence as presented by the defendant."

¶12. Instruction D-3 is set out as follows:

> The Court instructs the Jury that if you find from the evidence in this case, or have a reasonable doubt that Christopher Lee, without any malice or deliberation to cause the death of Anice Smith, and in in the heat of passion or while in a struggle with Anice Smith, or upon any sudden provocation by Anice Smith, did kill Anice Smith then you shall find the defendant not guilty.

¶13. Again, the State objected that the instruction was "an inaccurate statement of the law and not fitting this case," as well as being "confusing." The trial court concluded that D-3 was "restating matters" that were "covered ... in S-3" and refused it.

¶14. Instruction D-4 reads as follows:

> The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that Christopher Lee on August 1, 2001, in Wayne County, Mississippi willfully killed Anice Smith without malice, in the heat of passion, by the use of a deadly weapon, and further that Christopher Lee was not acting in necessary self-defense, then you shall find the defendant guilty of manslaughter.

This instruction was refused by the trial court as repetitive.

¶15. "The trial court enjoys considerable discretion regarding the form and substance of jury instructions." *Higgins v. State*, 725 So.2d 220, 223 (Miss. 1998). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which . . . is fairly covered elsewhere in the instructions, or is without foundation in the evidence." *Id.*

6

¶16.     Additionally, Lee failed to demonstrate an abuse of discretion in the trial court's refusal of repetitive instructions.  This Court finds no reversible error.

### III.     IMPROPER ARGUMENTS MADE BY A PROSECUTOR.

¶17.     Lee argues the courts have repeatedly held that a prosecutor cannot make "conscience of the community" arguments during his closing arguments.  Lee alleges in the instant case that the State made "conscience of the community" arguments in its closing arguments. Lee further contends that the State implied his guilt by his failure to testify which is unconstitutionally prejudicial.

¶18.     In the case at bar, the prosecutor stated:

> And I am not trying to inflame your sense.  I just think she deserves for y'all to hear her speak.  I mean, this is her day in court.  She is looking to you for justice and the people of Wayne County are looking to you to make this, their streets safer.  I mean we cannot have somebody that is going to do this on the streets of Wayne County.

¶19.     We find that even if the comment "the people of Wayne County are looking to you to make this, your streets safer" was interpreted as a "conscience of the community" argument, it was not so egregious as to require reversal based on the facts in the instant case. As determined by this Court, the standard to warrant reversal is "whether the error affected a trial in such a way as to bring its fairness into question." ***Payton v. State***, 785 So.2d 267, 270 (Miss. 1999).  Considering the overwhelming evidence of Lee's guilt, it is inconceivable that this remark prompted the verdict.  ***Dancer v. State***, 721 So.2d 583, 590 (Miss. 1998).

¶20.     Lee's allegation that the State implied his guilt by his failure to testify is without merit.  The record reflects that Lee did in fact testify on his own behalf.  Additionally, the

7

record contains no comment by the State as to Lee's failure to testify. Therefore, Lee's claim as to this issue is meritless.

¶21. Lee also alleges that the statement made by prosecutor Webb, "And I assure you he is guilty." The record does not reflect any such comment. Moreover, there was no one named prosecutor Webb participating in the instant case. Therefore, Lee has no basis for this issue.

## CONCLUSION

¶22. The arguments presented by Lee are without merit, and the trial court's judgment is affirmed.

¶23. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY COSTS OF COURT OF $248.00, AFFIRMED.**

**PITTMAN, C.J., SMITH , P.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**